IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GWEN POLSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 04-0894-CV-W-DW |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security, | ) |
| Defendant. | ) |

# ORDER

Gwendolyn T. Polson appeals the denial of her applications for disability insurance benefits and supplemental security income. See 42 U.S.C. §§ 401-434; 42 U.S.C. §§ 1381-1383. After a hearing, an ALJ found that Polson was not under a "disability" as defined in the Social Security Act. The ALJ's decision is the final decision of the Commissioner. Because the record sufficiently supports the ALJ's findings, the decision is affirmed.

This Court reviews whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. See Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2004). Substantial evidence is less than a preponderance, but enough that a reasonable mind finds adequate to support the ALJ's determination. See id. at 805. The Court considers "evidence that supports the ALJ's decision as well as evidence that detracts from it, but even if inconsistent conclusions may be drawn from the evidence, the agency's decision will be upheld if it is supported by substantial evidence on the record as a whole." Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005).

The facts and arguments are presented in the parties' briefs and are repeated here only in

part. Under the Act, "[a]n individual is not considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C); Estes v. Barnhart, 275 F.3d 722, 724 (8th Cir. 2002). Polson bears the burden of proving her substance abuse is not a contributing factor material to the claimed disability. See Estes, 275 F.3d at 725. Even with substantial evidence of drug abuse, the record must support the ALJ's determination that Polson was capable of working while not using drugs and alcohol. See Brown v. Massanari, 9 Fed. Appx. 570, 572 (8th Cir. 2001) (unpublished opinion citing Pettit v. Apfel, 218 F.3d 901, 903-04 (8th Cir. 2000). In this case, the ALJ concluded that Polson could not work on a regular and continuing basis while abusing cocaine and alcohol, but could perform her past relevant work and other work in the national economy when not abusing drugs. Polson's main point in this appeal is that the ALJ's determination of her RFC absent drug abuse and alcoholism is not supported by medical evidence. To the contrary, the record is replete with medical evidence showing hospitalizations for cocaine and alcohol abuse, with significant psychiatric improvement after detoxification. For example, after detoxification at the Western Missouri Mental Health Center in November 2001, Polson "had totally cleared of her severe depression secondary to cocaine use." R. at 370. As to her ability to work, the ALJ considered a treatment note indicating Polson had been sober and compliant with medications for nine months. During that time she "was functioning much better" and was employed as a nanny. See R. at 21, 401. Based on the whole record—including substantial medical evidence—this Court must affirm the RFC determination.

Polson makes two related arguments about specific evidence discounted by the ALJ. First, she asserts that Dr. Kaspar, a medical expert who testified at the hearing, opined that she

would meet the Affective Disorders listing (12.04C), even when sober. The Court disagrees with that interpretation of Kaspar's testimony. He said that Polson improves when sober and taking medications. R. at 55. But, Kaspar continued, "careful consideration should be given under 12.04 to the C Criteria," and the C Criteria "should be entertained." R. at 57. While Kaspar encouraged consideration of the Affective Disorders listing, he did not state that Polson "would" meet it when sober.

Under any reading of Dr. Kaspar's testimony, the ALJ was justified in discounting the opinion. It is inconsistent with extensive medical evidence from treating sources indicating that Polson's mental health improved significantly when she was detoxified. See Pierce v. Apfel, 173 F.3d 704, 707 (8th Cir. 1999) ("The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole.").

For similar reasons, substantial evidence supports the ALJ's discounting treating physician Dr. Reddy's assessment of a GAF score of 35. The ALJ could not discern "the degree to which claimant's drug and alcohol abuse is considered in arriving at this score." R. at 20. If the score represented a detoxified Polson, the ALJ noted, it is heavily outweighed by other record evidence (as discussed). Further, it is inconsistent with other evidence from Reddy. R. at 20. See Guilliams, 393 F.3d at 803 ("Physician opinions that are internally inconsistent . . . are entitled to less deference than they would receive in the absence of inconsistencies."). For example, from Reddy's treatment notes, Polson's mood was "normal," with "appropriate affect," she "denied any suicidal or homicidal ideation or psychotic features," and was "Stable on medication." R. at 469, 506, 509.

After careful examination of the record—including the briefs, the ALJ's decision, the transcript of the hearing, and additional medical and documentary evidence—this Court concludes that the ALJ's decision is supported by substantial evidence on the record as a whole. Therefore, the Commissioner's decision denying Polson's applications for benefits is AFFIRMED.

SO ORDERED.

                                      /s/ DEAN WHIPPLE
                                      Dean Whipple
                                      United States District Judge

Date: October 18, 2005

4

Case 4:04-cv-00894-DW   Document 13   Filed 10/18/05   Page 4 of 4